# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| JOYCE B. WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:05-CV-422 |
| | ) |
| TRUMP CASINO SERVICES, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Trump Casino Services L.L.C.'s Motion to Dismiss for Failure to State a Claim, filed on February 10, 2006. For the reasons set forth below, this motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Trump Casino Services, L.L.C. from this case. This case **REMAINS PENDING** as to Defendant, Liberty Life Assurance Company of Boston, Long Term Disability Plan.

BACKGROUND

On November 16, 2005, Plaintiff, Joyce B. Wood, filed a 2-count complaint against Defendants, Trump Casino Services, L.L.C. ("Trump"), and Liberty Life Assurance Company of Boston, Long Term Disability Plan ("Liberty"). According to the allegations of the complaint, Plaintiff was employed by Trump. (Compl. ¶ 4.) Trump instituted an ERISA long-term disability plan ("Plan") covering its employees,

including Plaintiff. (Compl. ¶¶ 5, 7.) Liberty was the administrator of the Plan. (Compl. ¶¶ 6, 19.) Under the Plan, Plaintiff was entitled to two years of long-term disability benefits as well as permanent disability benefits. (Compl. ¶¶ 8, 20.)

Late in the year 2000, Plaintiff left her employment at Trump due to a disability. (Compl. ¶ 8.) This disability was and has continued to remain permanent, not allowing her to work in any capacity or occupation. (Compl. ¶ 9.) Plaintiff applied for both long-term disability benefits as well as permanent disability benefits under the Plan. (Compl. ¶¶ 9, 22.) Ultimately, she was denied both forms of benefits. (Compl. ¶¶ 10, 23.)

Plaintiff has brought the instant suit seeking, among other things, the long-term and permanent disability benefits she is entitled to under the Plan. Trump has filed the instant motion to dismiss claiming Plaintiff has failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the

light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case. *Id.*

The Seventh Circuit has generally held that ERISA suits for benefits generally may only be brought against the Plan itself. *Garratt v. Knowles*, 245 F.3d 941, 949 (7th Cir. 2001); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997). Nevertheless, an exception has been made, and a plaintiff has been allowed to proceed against the employer, when the employer acts as plan administrator. *Mein v. Carus Corp.*, 241 F.3d 581, 584 (7th Cir. 2001).

As a threshold matter, although given numerous extensions and

over four months to respond, Plaintiff has failed to respond, subjecting herself to a summary ruling. N.D. Ind. L.R. 7.1(a). Such a conclusion is without consequence, however, as Plaintiff would lose this battle on the merits as well. Plaintiff sued the Plan and Trump, but her complaint does not allege that Trump is the Plan Administrator. In fact, the complaint specifically denominates Liberty as the Plan Administrator. Because Trump is neither the Plan nor the Plan Administrator, it cannot be held liable under ERISA, and therefore is not a proper party to this lawsuit.

CONCLUSION

For the reasons set forth above, Trump Casino Services L.L.C.'s Motion to Dismiss for Failure to State a Claim is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Trump Casino Services, L.L.C. from this case. This case **REMAINS PENDING** as to Defendant, Liberty Life Assurance Company of Boston, Long Term Disability Plan.

**DATED: July 14, 2006**    /s/RUDY LOZANO, Judge
**United States District Court**